UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEANNA KAY SUMMERS and JUSTIN LEWIS SUMMERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:14CV71 ACL |
| JOHN BLOODWORTH, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of DeAnna Kay Summers and Justin Lewis Summers for leave to commence this action without payment of the required filing fee [Doc. #3 and #6]. Also before the Court is plaintiffs' supplement to the complaint. For the reasons stated below, the Court finds that plaintiffs do not have sufficient funds to pay the entire filing fee and will grant plaintiffs' motions to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will require plaintiffs to submit an amended complaint on a court-provided form.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable

1

right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Complaint

Plaintiffs bring this action against the State of Missouri and numerous other defendants alleging a violation of their civil rights. Plaintiffs have not indicated a federal statute or constitutional amendment under which they are proceeding in this Court. However, as plaintiffs are complaining of "civil rights" violations, the Court presumes plaintiffs are proceeding under 42 U.S.C. § 1983.

2

In a joint complaint filed on May 23, 2014, plaintiffs allege that they have been charged by defendants with "educational neglect" with regard to their two children. They assert that members of the Popular Bluff School District reported them to "truancy court" in December of 2013 due to their children missing several days of school in the first semester of the 2013-2014 school year.

Plaintiffs state that they feel that the Poplar Bluff School System has failed to meet their children's educational needs, noting that their son suffers from Attention Deficit and Hyperactivity Disorder and other mental deficiencies. Plaintiffs further state that the school has indicated that although their son has an Individualized Education Plan ("IEP") for a learning disability, he did not qualify for additional assistance in the classroom. It is not entirely clear which of the enumerated defendants plaintiffs feel are responsible for these alleged violations of their civil rights. It is also unclear whether plaintiffs' claims fall strictly under § 1983 or perhaps under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, or some other unspecified state of federal law.

Plaintiffs claim that after the school district reported them to "truancy court" they have had to regularly appear in family court and had to undergo visits by counselors and persons employed by the Division of Child Services in their home. Plaintiffs feel these visits and court appearances have been a violation of their constitutional rights, especially when the school district has failed to provide the services their son needs at school. Again, plaintiffs have failed to articulate exactly which defendants they feel have violated their rights with respect to these "required visits," and under which federal statute or constitutional amendment the civil rights violations allegedly fall. Plaintiffs have also failed to indicate exactly which capacity defendants are being sued (in their official or individual capacity or both), and who the defendants are employed by.

In the supplement filed by plaintiff DeAnna Summers on August 11, 2014, plaintiff asserts that at the last hearing before family court Judge John Bloodworth on the "truancy matters," she indicated that she would like to homeschool her children. She states that Judge Bloodworth refused her request in violation of her due process rights under the Fifth and Fourteenth Amendments.

The complaint seeks injunctive relief, although plaintiffs' supplement appears to seek damages for emotional distress.

## Discussion

Based on the deficiencies identified above in plaintiffs' complaint, the Court will require plaintiffs to submit an amended complaint, on a court-form, in this action. Additionally, as plaintiff DeAnna Summers has indicated, by filing a supplement to the complaint on August 11, 2014, that she would like to add more claims to this action, it seems appropriate to remind plaintiffs that the Court does not accept amendments by supplementation or interlineation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Thus, in order to include the claims plaintiff DeAnna Summers has submitted to the Court by supplement, an amended complaint must be filed.

Plaintiffs shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. Moreover, as plaintiffs are proceeding jointly in this action, both plaintiffs must sign every document or pleading submitted to the Court. *See* Fed.R.Civ.P. 11. Furthermore, pursuant to Local Rule 5-2.17(A)(2), the amended complaint cannot be submitted to this Court with the full names of any minor children. Rather, the Local Rule requires

that the names of minor children be redacted from any filing with the Court. "Only the initials of minor children may be listed." *Id.*

In order to proceed in this action, plaintiffs, in their amended complaint, must specifically identify the federal, constitutional or state laws under which they are proceeding. Further, the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Specifically, in the "Caption" of the form complaint, plaintiffs shall set forth the name of each defendant they wish to sue; and in the "Statement of Claim," plaintiffs shall start by writing or typing the first defendant's name, and under that name, they shall set forth in separate numbered paragraphs the allegations supporting their claim(s) as to that particular defendant, as well as the right(s) that they claim that particular defendant violated. If plaintiffs are suing more than one defendant, they shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that they claim that particular defendant violated.

Plaintiffs are warned that the filing of an amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiffs fail to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. #3 and #6] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall review this action pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Civil Complaint form.

Dated this 22nd day of August, 2014.

                                         /s/ Abbie Crites-Leoni
                                         ABBIE CRITES-LEONI
                                         UNITED STATES MAGISTRATE JUDGE